ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

**CARPENTERS & JOINERS WELFARE FUND, TWIN CITY CARPENTERS PENSION FUND, TWIN CITY CARPENTERS APPRENTICESHIP FUND, TWIN CITY CARPENTERS VACATION FUND, NATIONAL APPRENTICESHIP TRAINING FUND, Trusts,**

Plaintiffs,

vs.

**LAN CONSTRUCTION, INC.**, a Minnesota business corporation and **KERRY GULLICKSON**, individually

Defendants

Court File No. 01-CV 985 DWF/AJB

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT MONEY JUDGMENT**

This matter was heard before the undersigned on the 17th day of September, 2001. Jacqueline M. Beaulieu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on June 1, 2001.

2. Defendants Lan Construction, Inc. and Kerry Gullickson, individually were served with a Summons and Complaint in this matter on June 4, 2001.

3. Defendants have failed to file and serve an Answer to the Summons and Complaint.

FILED SEP 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD SEP 14 2001
DEPUTY CLERK

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Wilson McShane Corporation, as the administrative agent designated by the Trustees.

5. Defendants accepted and agreed to be bound by certain a collective bargaining agreement with the Minnesota Statewide District Council of Carpenters. The agreement obligates Defendants, as employers, to compute the contribution for each employee and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6. Defendant failed to submit the reports for the months of January, 2001 through June, 2001, and failed to timely pay the contributions owing.

7. According to the payroll records submitted by Defendant for the months of January, February, March, April, May, and June, 2001, fringe benefit contributions in the amount of $9,452.80 are owing.

8. Defendants have not submitted any payments for these amounts.

9. According to payroll records submitted by Defendants, Defendants failed to timely submit contributions for the period August 2000 to December 2000.

10. The bargaining agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions. The amount known to be owing at this time for the months of January 2001 through June, 2001 is $945.28.

11. The amount owing for liquidated damages for the period August 2000 to December 2000 is $635.01.

12. The bargaining agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

13. The fair and reasonable value of attorney fees incurred by the Plaintiffs in this action is $888.75.

14. The total costs and disbursements incurred by the Plaintiffs in this action are $287.00.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.
2. Defendants owe $9,452.80 in fringe benefit contributions.
3. Defendants owe$1,580.29 in liquidated damages.
4. Defendants owe attorneys' fees and costs in the total amount of $1,175.75.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.
2. That Plaintiffs shall have judgment, joint and several, against Defendants Lan Construction, Inc. and Kerry Gullickson, for $12,208.84.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 14, 2001

BY THE COURT

Donovan W. Frank
Judge of District Court

SEP 14 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500